# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DEREK RAWLINGS, JR. )<br>)<br>Plaintiff, )<br>)<br>)<br>VS. )<br>)<br>)<br>G. ARNOLD, ET AL., )<br>)<br>Defendants. ) | No. 15-2169-JDT-cgc |

## ORDER TO MODIFY THE DOCKET, PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED

On March 9, 2015, Plaintiff Derek Rawlings, Jr. ("Rawlings"), Tennessee Department of Correction ("TDOC") prisoner number 485790, who is currently confined at the Whiteville Correctional Facility in Whiteville, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint addresses Rawlings's previous confinement while he was a pre-trial detainee at the Jail. On March 11, 2015, the Court granted leave to proceed *in*

---

[1] When the complaint was filed, Rawlings was confined at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee. (ECF No. 1 at 2.) He submitted a change of address on March 18, 2015, advising that he had been transferred to the Bledsoe County Correctional Complex. (ECF No. 5.) However, the TDOC Felony Offender Information database shows that he is now at the WCF. *See* https://apps.tn.gov/foil-app/search.jsp. The Clerk is directed to MODIFY the docket to reflect that Rawlings's current address is the WCF and to send a copy of this order to him at that new address.

*forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Officers G. Arnold, K. Boykin, and K. Gray and Shelby County.[2]

## I. The Complaint

Rawlings alleges that on October 30, 2014, he was standing in the hallway of the fourth floor of the Jail, in front of F-pod, talking to Sergeant ("Sgt.") Petterson, who is not a party to the complaint, when a fight broke out between inmates and officers inside F-pod. (ECF No. 1 at 2.) Officer Walker, who also is not a party to this complaint, walked Rawlings to J-pod. (*Id.*) Rawlings stayed in J-pod for approximately thirty minutes, and Walker then walked Rawlings back to his cell. (*Id.*) After he had been in his cell for ten to fifteen minutes, Defendants Arnold, Boykin, and Gray, who are members of the Gang Intelligence Unit, pulled Rawlings from his cell and told him to come with them. (*Id.* at 2-3.) Rawlings thought they just wanted to ask him questions about the fight. (*Id.* at 3.) The Defendants walked Rawlings to a classroom and closed the door, then Defendant Boykin hit Rawlings in the face. (*Id.*) Defendant Gray began hitting Rawlings in the body, and Defendant Arnold grabbed Rawlings's legs to take him to the floor. (*Id.*) Once they had him on the floor, all three Defendants beat Rawlings, hitting and kicking him in the face and body. (*Id.*) Rawlings did not attempt to break free because he just wanted the Defendants to stop. (*Id.*) When Rawlings told the Defendants he had not done anything and asked why they were beating him, the

---

[2] The Court construes any claims brought against the Shelby County Justice Center as claims against Shelby County. Any official capacity claims against Defendants Arnold, Boykin and Gray are also considered claims against Shelby County.

Defendants said it was because he was in the fight and should not mess with officers. (*Id.*) Defendants kept beating and kicking Rawlings while he was balled up on the floor. (*Id.*) After they had assaulted him for a few minutes, the Defendants put Rawlings in handcuffs, then Defendant Boykin got up and kicked Rawlings in the eye. (*Id.*) Rawlings contends Defendants took him into the classroom to beat him because there are no cameras in that room. (*Id.*) Rawlings further states that another inmate was also in the classroom, in the corner; Rawlings saw Defendant Gray hitting the other inmate in the face. (*Id.*)

Rawlings stayed in the classroom for about thirty minutes after the assault, asking the Defendants to talk to Sgt. Petterson, but they refused. (*Id.*) He was then taken to medical. (*Id.*) Rawlings states that he was never written up for the incident because the Defendants knew they were in the wrong. (*Id.*) When Rawlings talked to Sgt. Petterson a few days later, Petterson said he told the Defendants that Rawlings was not involved in the fight and that he did not know why the Defendants jumped on Rawlings. (*Id.*) Rawlings states that he wrote grievances, but nothing was done. (*Id.*)

Rawlings seeks monetary relief for his pain and suffering. (*Id.* at 4.)

## II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably

4

> meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Rawlings*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Rawlings v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly

burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Rawlings filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Rawlings has sued Shelby County. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The second issue is dispositive of plaintiff's claims against Shelby County.

6

A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S.

112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); cf. *Raub v. Correctional Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. Cnty of Macomb*, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The allegations of the complaint fail to identify an official policy or custom which caused injury to plaintiff. Instead, it appears that Rawlings is suing Shelby County because he was confined in a County institution and the County employed persons who allegedly violated his rights.

Rawlings's complaint alleges that Defendants Arnold, Boykin and Gray subjected him to excessive force. The Supreme Court has held, in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), that excessive force claims brought by pre-trial detainees must be

analyzed under the Fourteenth Amendment's standard of objective reasonableness, rejecting a subjective standard that takes into account a defendant's state of mind. *Id.* at 2472-73. For purposes of screening, Rawlings has alleged a plausible claim for violation of the Fourteenth Amendment against Defendants Arnold, Boykin, and Gray.

### III. Conclusion

The Court DISMISSES Rawlings's claims against Shelby County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

It is ORDERED that the Clerk shall issue process for Defendants G. Arnold, K. Boykin and K. Gray and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Arnold, Boykin and Gray pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Rawlings shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants Arnold, Boykin and Gray or on any unrepresented Defendant. Rawlings shall make a certificate of service on every document filed. Rawlings shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[3]

---

[3] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.

Rawlings shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE